## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GTA TELEGUAM, LLC, | **CIVIL CASE NO. CV1317-12** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| ROADSIDE SERVICES AND TOWING, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Roadside Service and Towing's motion for summary judgment, filed May 8, 2014.[1] Oral arguments were heard on July 7, 2014. Attorney Terrence M. Brooks appeared on behalf of Plaintiff and Attorney William B. Pole represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On November 29, 2012, Plaintiff filed a complaint against Defendant for non-payment on an Open Account. (Compl., 1-2, Nov. 29, 2012). The Superior Court of Guam subsequently issued a judgment by default on July 17, 2013. On December 18, 2013, Defendant filed a motion to set aside entry of default and default judgment, and a motion to request leave to file an answer. On January 28, 2014, the parties entered into a stipulation that the entry of default

---

[1] Defendant filed a motion entitled "Motion to Dismiss," but the substance of motion entails a motion for summary judgment. For clarity purposes, the Court shall treat Defendant's motion as a motion for summary judgment.



ORIGINAL

and default judgment be set aside, and that Defendant be granted leave to file an answer. (Stipulation & Order, Jan. 28, 2014). Defendant filed an answer on January 16, 2014, denying the alleged nonpayment. (Answer, 1, Jan. 16, 2014).

On May 8, 2014, Defendant filed a motion for summary judgment. Defendant argues that Plaintiff has no basis for its claim because: (1) Plaintiff provides an unsigned illegible document purported to be a contract; (2) no contract, invoice, or account cited by Plaintiff in support of the claim that Defendant's owe an obligation for payment; (3) no wrongdoing or fraud on the part of Defendant is alleged in the complaint; and (4) Plaintiff cannot establish a factual basis for any duty owed by Defendant to Plaintiff nor can it establish that Defendant breached such duty. (Mot. Summ. J., 4-5, May 8, 2014).

Plaintiff filed an opposition on May 23, 2014. Plaintiff asserted that there are genuine issues of material fact, and offered exhibits purporting to evidence a contract entered into by Defendants to pay for publication of advertisements in the GTA Yellow Book. (Opp'n Mot., 2, May 23, 2014).

## DISCUSSION

### I.    Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but

ORIGINAL

must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotation marks omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II. Open Account

There is a paucity of Guam case law relating to an "open account." Borrowing from cases in other jurisdictions, an open account is defined as: "An account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation. Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 173-174 (5th Cir. 2007) (*quoting* BLACK'S LAW DICTIONARY 18 (6th ed.1990)); *see also Smith v. Davis*, 323 U.S. 111, 114 (1944) (an open account is "an unsettled claim or demand made by the creditor which appears in his account books").[2] To determine whether a course of dealing qualifies as an open account, courts have considered the following factors: "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings." *Id.* at 174; *see also Bank of America v. Jeff Taylor LLC*, 358 S.W.3d 848, 861 (Tex. Ct. App. 2012) (to prove the

---

[2] A claim of an open account and a claim of breach of contract are considered distinct causes of action. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007). "An open account is similar to a line of credit . . . and requires an ongoing relationship with an extension of credit to the debtor." *Id.* (internal quotation marks and citations omitted).



existence of an open account, a party must show that there were "(1) transactions between the parties, (2) creating a creditor-debtor relationship through the general course of dealing, (3) with the account still being open, and (4) with the expectation of further dealings").

In this case, Plaintiff is attempting to collect the amounts due on two alleged contracts between Plaintiff and Defendant in which Defendant contracted to purchase advertisements in the 2009 and 2010 versions of the GTA Yellow Book, produced in part by Plaintiff. (Opp'n Mot., 2, May 22, 2014). Plaintiff submits two alleged contracts entered into by the parties in 2009 and 2010, as well as a November 3, 2009 check for $1,000.00 from Defendant to Plaintiff for the purpose of "advertisement." (Opp'n Mot., Exhibit 1, 2 & 5, May 22, 2014).

Though Defendant alleges a signature is missing from one of the alleged contracts, viewing the contracts and the payment in light most favorable to Plaintiff, the Court finds that a rational jury could interpret the contracts and payment as evidence of a transaction between Plaintiff and Defendant in which a creditor-debtor relationship was created. *Iizuka*, 1997 Guam 10 ¶ 8. Furthermore, the dealings between the parties were at least for a period of two years, from which a rational jury could find a continuing relationship between Plaintiff and Defendant with an expectation of further dealings. *Id.* Lastly, a rational jury could find that the arrangement between the parties resulted in the alleged unsettled debt arising from the advertisements under the contract. *Id.*

For these reasons, Defendant's motion for summary judgment is denied.

## CONCLUSION

Based upon the foregoing, Defendant Roadside Service and Towing's motion for summary judgment is hereby DENIED.

**SO ORDERED** this 22ND day of August, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Terrara Brooks
Gary Gumataotao
Date:_____ Time: 845am

Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

Page 4 of 4